UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TANYA GIULIANO,
               Plaintiff,

v.

BJ'S WHOLESALE CLUB, INC., and BJ'S
WHOLESALE CLUB HOLDINGS, INC.,
               Defendants.
--------------------------------------------------------------x

**ORDER**

21 CV 4909 (VB)

       This Order addresses the pending pretrial motions in this case.

       1. Defendants' motion to bifurcate the upcoming trial into a liability phase and a damages phase (Doc. #46) is DENIED for substantially the reasons set forth in plaintiff's brief in opposition. Since there is no guarantee defendants will prevail at a liability trial, there is a significant risk that the case would have to be tried twice. Two trials would inconvenience the witnesses who are expected to testify about both liability and damages and would not be in the interest of judicial economy. Moreover, the jury can certainly be expected to fairly consider evidence as to liability even if it hears evidence as to damages. This is a straightforward slip-and-fall case, and the Court will try it only once.

       2. Defendants' motion in limine to preclude plaintiff from offering evidence as to the criminal history of store employee Jason Bossert (Doc. #52) is GRANTED. Plaintiff did not oppose the motion. Moreover, both of Mr. Bossert's prior convictions are more than ten years old and the probative value of the convictions does not substantially outweigh their prejudicial effect. See Fed. R. Evid 609(b)(1).

       3. The Court defers ruling on defendants' motion in limine to preclude plaintiff from offering evidence as to any "law loans and/or funding agreements." (Doc. #48). If plaintiff had out-of-pocket expenses for medical treatment, or if she borrowed money to pay for medical treatment and then made interest payments on those loans, such evidence might constitute relevant evidence of economic damages. However, it is not clear from the documents presented to the Court—which appear to involve non-recourse loans—that plaintiff has incurred or will incur out-of-pocket expenses of this type. This matter will be discussed further at the final pretrial conference on March 14, 2023.

       4. The Court defers ruling on defendants' motion in limine to preclude plaintiff from offering evidence as to the cleanup of the purported spill that allegedly caused plaintiff's slip-and-fall. (Doc. #50). Although Rule 407 generally precludes evidence of "measures . . . taken that would have made an earlier injury or harm less likely to occur" to prove negligence, such evidence may be admitted for another purpose such as impeachment of a witness. It may be that a video recording of store employees cleaning up an extensive area of the floor—significantly larger than a half dollar—would tend to impeach Mr. Bossert if he testifies he saw milk on the floor about the size of a half dollar. Moreover, although the video would not be admissible to

prove defendants had actual or constructive notice of the condition that allegedly caused plaintiff's fall (i.e., to prove negligence, culpable conduct, or the need for a warning or instruction), it might be admissible to show the extent of plaintiff's alleged pain, subject, of course to Rule 403. This matter will be discussed further at the final pretrial conference on March 14, 2023.

The Clerk is instructed to terminate the motions. (Docs. ##46, 52).

Dated: March 10, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge